ROAN®, Judge.,
It always gives me pain to reverse' judgments upon grounds which appear to be technical, and do not entirely accord with the general understanding of men. But I hold myself bound by well established precedents, and disclaim a power to change the law.
*In the case before us, I am compelled to consider the declaration as radically defective, in not making a positive charge of the trespass therein mentioned. Rinding in 5 Bac. 345, a direct authority to this point, (which was not cited at the bar,) I shall rely on it in addition to the cases which were cited. It is there held, that “ the declaration must contain such certain affirmation that it may be traversed ; for, if there be no certain affirmation to make the declaration itself traversable, it will not be cured after a verdict, because it is a defect in substance ; as if the declaration be quod cum the defendant assaulted, him, and the defendant plead not guilty, here is nothing put in issue; for the pleadings have affirmed nothing; and though the defendant be found guilty, yet cannot the plaintiff have judgment; because nothing is positively affirmed.”
This position is believed to be entirely supported by all the cases antient and modern ; and has never been departed from but. in relation to declarations in the court of common pleas in England ; and there only, on the ground that the writ is incorporated with, and made part of the declaration, and is considered to cure the defect. This has never been holden to be the law, however, in the court of king’s bench, except when acting as a court of error upon proceedings in the court of common pleas.
However the statute of jeofails may be construed to operate, it has often been decided here that it did not extend to cure an omission to state the very substance and git of the action. In addition to the cases cited at the bar, I will beg leave to add the case of Francisco v. Winston, 2 Wash. 187; which in principle is not unlike the present.
On this ground, therefore, without deciding upon the points adjudged by .the district court at the trial, I am compelled to say, that the declaration is substantially defective, and that the judgment ought to be reversed.
FLEMING, Judge.
I think the evidence ought to have been received ; for although it might not have amounted to *a justification, it would have gone to mitigate the damages. But the quod cum is fatal; for there must be an affirmative charge ; and, although the defect is cured by the writ in the court of common pleas, it is not in the court of king’s bench ; to which the practice here conforms. I am therefore of opinion, that the judgment must be reversed.
CARRINGTON, Judge.
The quod cum was formerly an objection ; but the modern authorities have shaken it. I think it is sur-plusage merely, and cured by the act of jeo-fails. The court does not usually reverse because there is too much, but because there is too little, in the declaration; for in the first case the redundancy is expunged, and the substantial parts preserved. Thus in Chichester v. Vass, 1 Call, 83 ; Winston v. Francisco, 2 Wash. 187 ; and Cook v. Simm, 2 Call, 39, there was a defect, and not an excess, of matter. But in no case has it ever been decided that excess was fatal; for utile per inutile non vitiatur. Strike out the quod cum in the present case, and the declaration contains a complete charge. Ought we then, against the spirit and policy of the statute of jeofails, to retain those unimportant words for no other purpose, than to turn the parties round, and put them to the expense and vexation of another suit? I think not. The court, however, erred in not receiving the defendant’s evidence in 'mitigation of damages; and, upon that ground, I am of opinion that the judgment ought to be reversed, and a new trial awarded, with a direction to the district court, to receive the evidence.
LYONS, President.
I think also, that the quod cum is surplusage only ; and.cured by the verdict. Upon that point, therefore, the court is equally divided ; and so far the judgment is affirmed. But the evidence ought to have been admitted; for the plea denied that the plaintiff had any title to the negro ; and therefore it could not, with any propriety, be . said, that the defendant took away a slave belonging to *the plaintiffs. So that although she was taken from the close of the plaintiffs, which the defendant had not authority to do, yet it lessened the gravamen ; and would have reduced the damages sustained by the trespass as to the freehold only, without regard to the value of the slave. The judgment therefore is to be reversed ; and the following is to be the entry :
*1041 “This day came the parties by their counsel, and the court having- maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion, that the said judgment is erroneous, in this, that the district court refused to permit the evidence offered by the defendants, on the trial of this cause, to prove that the title of the slave, in the bill of exceptions mentioned, was in the defendant Ballard, to go to the jury, which ought to have been admitted in mitigation of damages : Therefore, it is considered that the same be reversed and annulled, and that the appellant recover against the appellee his costs by him expended in the prosecution of his appeal aforesaid here. And it is ordered that the jury’s verdict be set aside ; that a new trial be had in the cause ; and that, on such trial, the defendant be permitted to give evidence in mitigation of damages only, that the title of the said slave was in the said Janies Ballard.